# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHRISTY HARDING-SMITH,

      Plaintiff,

v.

GLOBAL FOREX TRADING,

      Defendant.
_____/

Case No. 1:10-CV-984

HON. GORDON J. QUIST

## OPINION

On September 2, 2010, Plaintiff, Christy Harding-Smith, filed this action against Defendant, Global Forex Trading ("GFT"), in Kent County Circuit Court alleging that GFT discriminated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. GFT removed the case to this Court on the basis of federal question jurisdiction. GFT has filed a motion for summary judgment. Plaintiff has filed a motion to amend the complaint to include claims under state law; a motion requesting monetary damages; and a motion for default judgment. For the reasons set forth below, the Court will grant GFT's motion on the grounds that Plaintiff failed to file a timely charge with the Equal Employment Opportunity Commission ("EEOC") or its state counterpart, the Michigan Department of Civil Rights ("MDCR"). The Court will remand the case to state court.

## I. BACKGROUND

Responding to an advertisement GFT had placed in the Grand Rapids Press, Plaintiff applied for the position of international sales representative in March of 2007, listing the owner of GFT, Gary Tilken, as a reference, and listing soloist for the church choir as one of her hobbies. Although Plaintiff does not explain how she knew Mr. Tilken, or the scope of their relationship, she does allege that eleven years prior to her application, he asked her for a date and she denied the request. Plaintiff alleges having been interviewed by GFT sales manager, Ryan Harris, and subsequently

meeting with another GFT employee, Mohammad Rasoul, who Plaintiff alleges is Muslim. She did not receive an offer of employment, allegedly due to her being "overqualified." (Compl. at 17.) She attempted to contact Mr. Tilken thereafter, but he did not return her calls. In May of 2007, Plaintiff began working for Meijer, Inc. In September of 2007, while still employed with Meijer, Plaintiff responded to another GFT advertisement for international sales representatives and received another interview. Once again, Plaintiff did not receive an offer of employment. Plaintiff alleges that during both of her visits to GFT, she noticed that the only females in the sales department were support staff, and that all were in their early twenties, dressed in navy suits with skirts hemmed above their knees, and wearing stiletto heels.

In late June of 2010, Plaintiff was laid off from her employment with Meijer. Approximately two months later, she filed this action against GFT. The complaint specifically invokes the protections of Title VII and alleges four separate types of discrimination: sex discrimination, age discrimination, reverse religious discrimination, and sexual harassment. Plaintiff has never filed a charge with the EEOC or the MDCR regarding GFT's alleged discriminatory conduct.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of

---

[1] Pursuant to the 2010 amendments to Rule 56, former subdivision (c)(2), which contained the summary judgment standard, has been redesignated as subdivision (a).

2

fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir.1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

## III. ANALYSIS

As an initial matter, the Court notes that Plaintiff purports to bring an age discrimination claim pursuant to Title VII, which does not protect against age-based discrimination, as opposed to bringing the claim pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, which does. The Court could properly grant summary judgment in favor of GFT as to Plaintiff's age discrimination claim on this basis alone. *See Clark v. City of Dublin*, 178 F. App'x 522, 524 (6th Cir. 2006). For purposes of GFT's motion for summary judgment, however, the Court will treat Plaintiff's age discrimination claim as though it were properly brought under the ADEA. *See Briggs v. Potter*, 463 F.3d 507, 514 n.2 (6th Cir. 2006) (noting that the plaintiff had incorrectly alleged age discrimination in violation of Title VII, as opposed to the ADEA, but proceeding to analyze the claim as though it had been properly brought under the ADEA).

Noting that Plaintiff has never filed a charge with the EEOC or MDCR in relation to GFT's alleged discriminatory conduct as required under both Title VII and the ADEA, and that the time frame for making such a charge has passed under both statutes, GFT argues that it is entitled to summary judgment on all of Plaintiff's claims. *See* 42 U.S.C. §§ 2000e-5(e), (f)(1) (requiring the plaintiff to file a charge with the EEOC within 180 days of the alleged discriminatory conduct or, if the plaintiff instituted proceedings with a state or local agency, within 300 days, and obtain a right-to-sue letter, before bringing a civil action under Title VII); 29 U.S.C. § 626(d) (requiring the plaintiff to file a charge with the EEOC prior to bringing a civil action under the ADEA and providing that such charge must be made within, at most, 300 days of the alleged discriminatory conduct). The Court agrees. Plaintiff's failure to exhaust her administrative remedies warrants dismissal of both her Title VII and ADEA claims. See *McCrary v. Ohio Civil Serv. Emps. Ass'n*

*Local 11 AFL-CIO*, 18 F. App'x 281, 283-84 (6th Cir. 2001) (affirming dismissal of plaintiff's Title VII and ADEA claims on summary judgment for lack of administrative exhaustion); *Williams v. Nw. Airlines, Inc.*, 53 F. App'x 350, 351 (6th Cir. 2002) ("Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII or ADA action.") (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58 (1990)); *Howlett v. Holiday Inns, Inc.*, 49 F.3d 189, 194 (6th Cir. 1995) ("As a prerequisite to bringing a civil action under the ADEA, a claimant must first file a charge of unlawful discrimination with the EEOC."); *Smith v. City of Dayton Pub. Schs.,* No. 3:10-cv-098, 2010 WL 2303198, at *3 (S.D. Ohio 2010) (dismissing Title VII claim for lack of exhaustion where, as here, claim originally filed in state court and removed).

The same day that GFT filed its motion to for summary judgement, Plaintiff filed a motion to amend the complaint to add claims under the Michigan Civil Rights Act and the Elliott-Larsen Civil Rights Act of 1976, M.C.L. § 37.2101 *et seq.*, based upon the facts set forth above. This Court declines to exercise its supplemental jurisdiction over state law claims, including pending motions. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims."); *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003) ("Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right.") (quotations and citation omitted).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant GFT's motion for summary judgment on the federal claims and remand this case for all further proceedings regarding the state or potential state law claims.

An Order consistent with this opinion will be entered.


Dated: March 22, 2011          /s/ Gordon J. Quist
                               GORDON J. QUIST
                               UNITED STATES DISTRICT JUDGE